# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                         Plaintiff,

v.

THURSTON, INC. d/b/a DISCOUNT CABINETS & APPLIANCES, INC.,

                         Defendant.

---

## COMPLAINT AND JURY TRIAL DEMAND

---

## <u>NATURE OF THE ACTION</u>

This action arises under Titles I and V of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Ramon Guzman, who was adversely affected by such practices.  As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") alleges that Thurston, Inc., d/b/a Discount Cabinets & Appliances, Inc. ("Defendant" or "DC&A"), unlawfully discriminated against Mr. Guzman, who is deaf, by failing to make reasonable accommodations, wrongfully discharging Mr. Guzman because of his disability, and wrongfully discharging Mr. Guzman in retaliation for engaging in activity that is protected under the Americans with Disabilities Act.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to 107(a) and 503(c) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12117(a) and 12203(c), which incorporate by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

3.      More than thirty days prior to the institution of this lawsuit, Ramon Guzman filed a charge with the Commission alleging violations of the ADA by Defendant.

4.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

5.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I and V of the ADA and is expressly authorized to bring this action by 107(a) and 503(c) of the ADA, 42 U.S.C. §§ 12117(a) and 12203(c), which incorporate by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

6.      At all relevant times, Defendant, a Colorado corporation, has continuously been doing business in the State of Colorado.  At all relevant times, Defendant has employed at least fifteen (15) employees.

7.      At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. §12111(7), and

Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

8.    At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## GENERAL ALLEGATIONS

9.    Thurston, Inc. operates retail kitchen and bath stores throughout Colorado, including the store and warehouse known as Discount Cabinets and Appliances, Inc. where Ramon Guzman worked in Denver, Colorado.

10.    Ramon Guzman has suffered from a significant hearing impairment since birth, which has also substantially affected his ability to hear and to speak clearly.

11.    Mr. Guzman's hearing impairment substantially limits his ability to engage in the major life activities of hearing and speaking.

12.    On or about March 12, 2008, Defendant contacted a temporary employment agency, The Job Store, to request placement of a warehouse assistant in Defendant's Discount Cabinets and Appliances store and warehouse in Denver, Colorado, with the intent to hire.

13.    Deseree Kahlil, owner and manager of The Job Store, responded to the request by recommending Ramon Guzman for placement in the job.

14.    Ms. Kahlil informed Defendant that Mr. Guzman had a hearing impairment.

15.    Mr. Guzman interviewed with Defendant's Store Manager, Kelly Wilcoxon, who placed Mr. Guzman in the job beginning on March 17, 2008.

16.    After Mr. Guzman began working for Defendant, he asked Ms. Wilcoxon to provide a telephone with an adjustable volume so that he could increase the volume and hear callers more clearly.

17.     Ms. Wilcoxon told Mr. Guzman the company would not provide the phone until he became a permanent employee.

18.     On March 28, 2008, Ms. Wilcoxon sent a message to Ms. Kahlil at The Job Store requesting a different candidate for Mr. Guzman's position.

19.     On or about March 31, 2008, Ms. Wilcoxon called Mr. Guzman into her office and told him she was not going to hire him as a permanent employee because his speech was not good, and he did not speak clearly.

20.     On or about April 3, 2008, Ms. Wilcoxon told Ms. Kahlil that Mr. Guzman was asking customers to repeat themselves on the phone, and customers were getting frustrated as a result, and she could not tolerate it.

21.     Ms. Kahlil informed Ms. Wilcoxon of Defendant's obligation under the ADA to provide a reasonable accommodation to Mr. Guzman.

22.     Ms. Kahlil offered to provide a volume-adjustable telephone headset to Defendant for use by Mr. Guzman, in order to address the issue raised by Ms. Wilcoxon.

23.     Ms. Wilcoxon refused to accept the offer, and insisted on a different person to fill the position.

24.     Ms. Wilcoxon instructed Ms. Kahlil to inform Mr. Guzman he was no longer needed to work at Discount Cabinets and Appliances.  Ms. Kahlil did so, and Mr. Guzman was terminated.

## FIRST CLAIM FOR RELIEF

[Failure to Accommodate – 42 U.S.C. §§ 12112(a), 12112(b)(5)(A)]

25.      The allegations contained in paragraphs 1 through 23 are hereby incorporated by reference.

26.    Ramon Guzman is disabled as defined in the ADA, 42 U.S.C. § 12102(2)(A).

27.    Mr. Guzman is able, with or without reasonable accommodation, to perform the essential functions of the job of warehouse assistant.

28.    Defendant was aware of Mr. Guzman's disability.

29.    Mr. Guzman made requests to Defendant for a reasonable accommodation.

30.    Defendant failed and refused to provide any accommodation for Mr. Guzman.

31.    Defendant failed and refused to engage in good faith discussions with Mr. Guzman concerning his request for accommodation.

32.    Defendant never provided a reasonable accommodation to Mr. Guzman.

33.    Defendant's failure to provide Mr. Guzman a reasonable accommodation was intentional.

34.    Defendant's failure to provide Mr. Guzman a reasonable accommodation was malicious and/or done with reckless indifference to Mr. Guzman's federally protected rights.

35.    As a result of Defendant's failure to provide reasonable accommodation for her disability, Mr. Guzman was deprived of equal employment opportunities; was deprived of wages, benefits and job training; and was subjected to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation.

## SECOND CLAIM FOR RELIEF

[Unlawful Termination - 42 U.S.C. §§ 12112(a), 12112(b)(5)(B)]

36.    The allegations contained in paragraphs 1 through 35 are hereby incorporated by reference.

37.    Defendant intentionally terminated Mr. Guzman's employment with Defendant because of his disability, and because of the need to provide reasonable accommodation for his disability.

38.    Defendant's discriminatory termination of Mr. Guzman's employment was intentional and done with malice and reckless indifference to his federally protected rights.

39.    As a result of Defendant's discriminatory termination of his employment, Mr. Guzman was deprived of equal employment opportunities; was deprived of  wages, benefits and job training; was subjected to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation; and was otherwise disadvantaged compared to his non-disabled coworkers.

## THIRD CLAIM FOR RELIEF

[Retaliation - 42 U.S.C. § 12203(a)]

40.    The allegations contained in paragraphs 1 through 39 are hereby incorporated by reference.

41.    Mr. Guzman's request for an accommodation was protected activity under the ADA.

42.    Defendant terminated Mr. Guzman's employment in retaliation for his request for accommodation.

43.    The retaliation was intentional.

44.    The retaliation was done with malice and/or with reckless indifference to Mr. Guzman's federally protected rights.

45.    As a result of the retaliation, Mr. Guzman was deprived of equal employment opportunities; was deprived of  wages, benefits and job training; was subjected to emotional

pain, suffering, inconvenience, loss of enjoyment of life, and humiliation; and was otherwise disadvantaged compared to his non-disabled coworkers.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B.     Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for employees with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make whole Ramon Guzman by providing appropriate back pay and benefits with prejudgment interest, compensatory damages in amounts to be proved at trial, and other affirmative and equitable relief necessary to eradicate the effects of its unlawful employment practices, including reinstatement or front pay in lieu thereof.

D.     Order Defendant to make whole Ramon Guzman by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in the paragraphs above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.     Order Defendant to pay Ramon Guzman punitive damages for its malicious or reckless conduct described in the paragraphs above, in amounts to be determined at trial.

F.     Grant such further relief as the Court deems necessary and proper.

G.     Award the Commission its costs in this action.

## <u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated this 10th day of June, 2010.

Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
      COMMISSION
131 M Street, N.E.
Washington, DC   20507

MARY JO O'NEILL
Regional Attorney
Phoenix District Office

RITA BYRNES KITTLE
Supervisory Trial Attorney

<u>/s/ William Moench</u>
WILLIAM MOENCH
Trial Attorney
Telephone: (303) 866-1378
william.moench@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Denver Field Office
303 East 17th Avenue, Suite 410
Denver, CO   80203
Facsimile: (303) 866-1375


NOTE: It is sufficient for service on the EEOC that pleadings, notices, and any other court documents be served on the Regional Attorney, Supervisory Trial Attorney and Trial Attorney. Duplicate service is not required on the General Counsel or Associate General Counsel in Washington, D.C.