IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01352-CMA-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

THURSTON, INC., D/B/A DISCOUNT CABINETS & APPLIANCES, INC.

Defendant.

## STIPULATED PROTECTIVE ORDER

This matter comes before the Court on the parties' Stipulated Motion for Entry of Protective Order. The Court has reviewed that Motion. The Motion is meritorious and acceptable. Therefore, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates statutory privacy and/or confidentiality interests such

as: (a) personnel records of current or former employees of Defendants; (b) Defendants' trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G); (c) Charging Party's tax returns; and (d) Charging Party's medical records. CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

   a. attorneys actively working on this case;
   b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;'
   c. the parties, including the designated representatives for Defendants;
   d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;
   e. the Court and its employees ("Court Personnel");
   f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;
   g. deponents, witnesses, or potential witnesses; and
   h. other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and explain the individual's obligations under the Protective Order.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Before any information is designated "CONFIDENTIAL," counsel of record for the designating party must first review the information and make a determination, in good faith, that the documents and/or information are confidential under Fed. R. Civ. P. 26(c).

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of deposition as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10)

business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion, within thirty (30) days after the time the notice is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. This Stipulated Protective Order shall not prohibit the use of CONFIDENTIAL material in depositions, pleadings or motions, or at trial, or in post-trial motions or proceedings, provided that all such uses be related to the prosecution or defense of this case. Further, in the event it is necessary for either party to file CONFIDENTIAL information with the Court, the parties shall confer before such filing and the party seeking to maintain the CONFIDENTIAL nature of any CONFIDENTIAL information shall file a motion under D.C.COLO.LCivR 7.2 to seal all or a portion of the papers and documents to be filed with the Court. The parties agree to comply with D.C.COLO.LCivR 7.2 regarding procedures for filing papers and documents under seal for any

documents that are marked CONFIDENTIAL.

11.     At the conclusion of this case, EEOC will preserve and archive the case files, including any records designated as "CONFIDENTIAL," consistent with its obligations under the Federal Records Act.

12. This Protective Order may be modified by the court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this  20th  day of December, 2010.

BY THE COURT:

_____
Kristen L. Mix
U.S. Magistrate Judge

AGREED AND APPROVED:

| /s/ With Permission | /s/ Richard S. Mandelson |
|---|---|
| William Moench | Richard S. Mandelson |
| Equal Employment | Baker & Hostetler LLP |
| Opportunity Commission | 303 East 17th Avenue, Suite 1100 |
| Denver Field Office | Denver, CO 80203 |
| 303 East 17th Avenue, Suite 410 | Telephone: (303) 764-4019 |
| Denver, CO 80203 | Facsimile: (303) 861-7805 |
| Telephone: (303) 866-1378 | rmandelson@bakerlaw.com |
| Facsimile: (303) 866-1375 | Attorney for Defendant Thurston, Inc. |
| william.moench@eeoc.gov | |
| Attorney for Plaintiff | |