## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01352-CMA-KLM

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

THURSTON, INC., D/B/A DISCOUNT CABINETS & APPLIANCES, INC.

Defendant.

---

## CONSENT DECREE

---

### I. RECITALS

1.        This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, alleging that Defendant, Thurston, Inc., d/b/a Discount Cabinets & Appliances, Inc. ("DC&A") (collectively the "Parties") unlawfully failed to accommodate Ramon Guzman's disability and terminated Mr. Guzman because of his disability. DC&A denies all such allegations and denies that it engaged in any violations of applicable law.

2.        The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

1

**3.**          This Decree is final and binding upon the Parties as to the issues resolved, as well as upon their successors and assigns.

**4.**          The Parties agree that this Consent Decree fairly resolves the issues alleged in this lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under the Americans with Disabilities Act that arise from Charge of Discrimination Number 541-2008-01853, filed by Ramon Guzman. This decree constitutes a settlement of all disputed claims and is not an adjudication on the merits.

*5.*          *For the purpose of amicably resolving disputed claims, the Defendant* joins with the Commission in requesting this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II. JURISDICTION

**6.**          The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action, and have waived the entry of findings of fact and conclusions of law.

**7.**          The duration of this Decree shall be one (1) year from the date of signing by the Court. The Parties agree that the Court retains continuing jurisdiction over the enforcement of this Decree during its term.

## III. ISSUES RESOLVED

**8.**          This Decree resolves all claims for damages arising out of the issues and claims set forth in Civil Action No. 10-cv-01352-CMA-KLM .

2

**9.**          Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

**10.**          To resolve these claims, Defendant shall pay a total of $60,000.00, which shall be paid to Ramon Guzman by cashier's check or money order no later than ten (10) days from the Court's entry of the Consent Decree.  Of that amount $15,000 is payment for back pay, subject to applicable deductions and reported on an IRS form W-2, and $45,000.00 is for non-wage compensatory damages, and shall be reported on a Form 1099.  The cashier's check or money order shall be made payable to Ramon Guzman and mailed to the address provided by the Commission.  Within three (3) business days of the issuance of the cashier's check or money order, Defendant shall submit a copy of the check or money order and all related correspondence to Rita Byrnes Kittle, Supervisory Trial Attorney, Equal Employment Opportunity Commission, 303 E. 17th Avenue, Suite 410, Denver, Colorado 80203.  The payment is conditioned upon the Parties and Ramon Guzman abiding by the Confidential Draft Settlement Agreement, attached hereto as Attachment B and hereby incorporated into this Consent Decree, signed by the Parties and Ramon Guzman at the Settlement Conference on February 14, 2011.

**11.**     Defendant will not condition the receipt of individual relief upon Ramon Guzman's agreement to (a) maintain as confidential the terms of this decree or the facts of the case, (b) waive his statutory right to file a charge with any federal or state anti-discrimination agency, subject to the terms of this Decree, or (c) waive his right to reapply for a position.

3

## IV. EQUITABLE RELIEF

### A.    Scope

12.    The terms of this Decree shall apply to Thurston, Inc., a Colorado corporation located and doing business in Colorado.

### B.    Injunctive Relief

13.    Defendant, its officers, agents, successors and other persons in active concert or participation with it, or any of them, are hereby enjoined during the term of this Decree from engaging in any employment practice which discriminates on the basis of disability.

14.    Defendant, its officers, agents, successors and other persons in active concert or participation with them, or any of them, are hereby enjoined during the term of this Decree from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, or the Equal Pay Act, because of such person's filing a charge, testifying or participating in any manner in any investigation, proceeding or hearing under any of these statutes, because such person was identified as a witness or possible witness for the Commission, because such person participated in any manner in this action or in the investigation giving rise to this action, or because such person requested accommodation for a disability.

### C.    Anti-discrimination Policy

15.    Defendant has in place and will maintain throughout the term of this Decree a policy proscribing discrimination based on disability, and proscribing retaliation against

any employee who complains about discrimination, requests accommodation for a disability, or who files a charge of discrimination alleging disability discrimination ("Anti-Discrimination Policy"). The policy contains a description of the consequences, up to and including termination, that shall be imposed upon violators of the policy and an assurance of non-retaliation against persons and witnesses who report to Defendant that they believe they or other employees have been subjected to unlawful discrimination and/or who have asked for reasonable accommodations. Within thirty (30) days of entry of this Decree, Defendant shall provide a copy of the Anti-Discrimination Policy to all employees via e-mail, and will provide the policy to newly-hired employees within ten (10) days of their hire. Within forty-five (45) days of entry of this Decree, Defendant shall forward a copy of the Anti-Discrimination Policy to the Commission and a letter indicating that the Anti-Discrimination Policy has been distributed.

### D.   Policy Regarding Complaints of Discrimination

16.   Defendant has in place and will maintain throughout the term of this Decree a policy concerning investigating complaints of discrimination. The policy shall require that all complaints be investigated promptly, fairly, and reasonably, using appropriate personnel, and that appropriate corrective action shall be taken by Defendant.

### E.   Reasonable Accommodation Guidance

17.   Defendant will maintain throughout the term of this Decree a written policy that addresses how reasonable accommodation will be provided, by request or otherwise, during the hiring process and in the course of employment. As to all managers who in any way participate in the hiring process or who in any way have responsibilities for accepting or processing requests for reasonable accommodation, the policy must set

forth the role of each manager under the hiring process or under the process for considering reasonable accommodations for employees. The policy must provide guidance on how to determine what is a reasonable accommodation, including mandatory participation in the interactive process with the applicant/employee.

The policy must be distributed to all employees in accordance with the Anti-Discrimination Policy provisions in Paragraph 15. Within forty-five (45) days of entry of this Decree, Defendant shall forward a copy of the reasonable accommodation policy to the Commission and a letter indicating that the policy has been distributed.

In the reports required under the Reporting provisions of this Decree, Defendant shall provide recertification of its use of formal procedures to process reasonable accommodation requests. In the reports to the EEOC, Defendant shall provide a narrative description of how the policy and guidance are functioning with specific identification of what requests were granted or denied.

### F.    Training

**18.**    Within ninety (90) days of the Court's entry of the Consent Decree, Defendant shall conduct training as specified in provision 18.1 below. All training under this Paragraph 18 shall be at Defendant's selection and expense. Training may include live presentation, or on-line interactive training, or computer training. The training will be conducted as follows:

### 18.1  Human Resource Employees

Defendant will require its three individuals who work in a human resource capacity to receive at least seven (7) hours of training annually regarding the ADA and other federal anti-discrimination laws, including notification of the Defendant's policy

and procedures for registering complaints of discrimination; on the penalties of engaging in discriminatory behavior; on Defendant's non-retaliation policy; and on Defendant's procedures on providing reasonable accommodation. Four (4) of the seven (7) hours must directly address disability discrimination and reasonable accommodation requirements. Additionally, Defendant will require employees newly hired or promoted into a human resource position to complete seven (7) hours of general EEO training within thirty (30) days of being hired or promoted into a human resource position.

19.     Defendant agrees that the training session for the employee group identified in Paragraph 18.1 above will take place within ninety (90) days after entry of this Decree. Defendant agrees that all covered personnel shall both register and attend the seminar training sessions. In the reports required under the Reporting provisions of this Decree, Defendant shall submit copies of the agenda of the training programs, identify the individuals providing the training, and provide the registries of attendance.

### G.     Posting of Notice

20.     Within five (5) business days of the entry of this Consent Decree, Defendant shall post in a conspicuous place in each of its stores, the Notice attached as Attachment A to this Decree. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the reports required under the Reporting provision of this Consent Decree.

### H.   Record Keeping and Reporting Provisions

**21.**   For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree.

**22.**   Each party shall bear its own costs in conjunction with the maintenance of records, preparation of any report, or access or copying of records.

**23.**   Defendant shall provide a report after the six-month period following the entry of the Decree and at the conclusion of this Decree.  The report shall be due thirty days following the respective six-month period, except the final report which shall be submitted to the Commission two weeks prior to the date on which the Consent Decree is to expire.

**24.**   Each report shall provide the following information:

### 24.1   Complaints of Disability Discrimination

**24.1.1** For purposes of this Paragraph 24.1, the term "complaint of disability discrimination" will include any written or oral complaint which alleges discrimination based on disability or perceived disability, or alleges conduct which the Defendant recognizes as presenting an allegation of disability discrimination.  For example, an employee may complain that he was denied an accommodation or denied promotion because of disability, or that co-workers called him "gimp" and tease him about his disability.  These are "complaints of discrimination" *even though the employee does not* expressly allege discrimination.

24.1.2 The name, address and telephone number of each person making a complaint of disability discrimination to Defendant or to any federal, state, or local government agency.

24.1.3 A brief summary of each complaint, including the date of the complaint, the name of the individuals who allegedly engaged in the discriminatory conduct, the Defendant's response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached;

24.1.4 Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

24.2 **Reasonable Accommodation Procedures and Results**

24.2.1 The name, address and telephone number of each person making a request for accommodation to the Defendant;

24.2.2 A brief summary of each request for accommodation, including the following: the date of the request; the person or persons to whom the request was made; the person or persons responsible for responding to the request; any effort to engage in the interactive process with the person requesting accommodation; what accommodation was requested; whether the requested accommodation was granted, and if not, an explanation of the reasons for denying the request; whether any other accommodation was provided, and if so, what accommodation was

9

provided, and an explanation of the reasons for providing that accommodation.

**24.2.3** Copies of all documents memorializing or referring to the request for accommodation, investigation, and/or resolution thereof.

## 24.3   Temporary Employees

**24.3.1** The name, address and telephone number of each temporary employee disciplined or terminated during the reporting period, including all documentation related to discipline and/or the termination, including all witness statements.

**24.3.2** If Defendant promotes any temporary employee to a permanent position, provide the names, addresses and telephone numbers of the individual selected, and of all temporary employees working for Defendant at the time of the promotion. Include a description of any known medical condition or physical impairment of any temporary employee, whether or not selected.

## 24.4   Training

**24.4.1** For each training program required under Paragraph 18, and conducted during the reporting period, Defendant shall submit a registry of attendance.

**24.4.2** For each training program required under Paragraph 18, and completed during the reporting period, Defendant shall provide a certificate of completion.

10

**24.4.3** For each training program conducted by Defendant's staff, Defendant will provide the following information: (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainers; (c) the name of each trainer and a summary of his or her qualifications.

**24.4.4** For each training program conducted by a vendor not affiliated with Defendant, Defendant will identify the vendor and provide a copy of the program agenda.

## V. RETENTION OF JURISDICTION AND FILING OF DECREE

**27.** This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

## VI. ENFORCEMENT

**28.** There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns may enforce compliance herewith.

**29.** Enforcement may be had by the Commission petitioning the Court for enforcement of the terms of this Decree. The Parties agree, however, that prior to petitioning the Court, the Commission must give Defendant a ten-business day notice period in which to investigate and respond to the Commission's allegations, followed by a ten-business day period to negotiate a resolution, unless a longer period is agreed upon by the Parties.

11

## VII. EEOC AUTHORITY

**30.**     With respect to matters or charges outside the scope of this Decree, this Decree

shall in no way limit the powers of the Commission to seek to eliminate employment

practices or acts made unlawful by any of the statutes over which the EEOC has

enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## VIII. COSTS AND ATTORNEY'S FEES

**31.**     Each party shall be responsible for and shall pay its own costs and attorney's

fees.

## IX. NOTICE

**32.**     Unless otherwise indicated, any notice, report, or communication required to be

sent to the Commission under the provisions of this Decree shall be sent by certified

mail, postage prepaid, to:

> Rita Byrnes Kittle, Supervisory Trial Attorney
> Denver Field Office
> Equal Employment Opportunity Commission
> 303 E. 17th Avenue, Suite 410
> Denver, CO  80203

Unless otherwise indicated, any notice, report, or communication required to be

sent to DC&A by the Commission shall be sent by certified mail, postage prepaid, to:

> Steven McDonald
> Thurston, Inc.
> 761 Kalamath, Ste C
> Denver, CO 80204-4402

> Richard Mandelson
> Baker & Hostetler LLP
> 303 East 17th Avenue, Suite 1100
> Denver, CO 80203

33.     The Parties agree to a stipulation of dismissal with prejudice, subject to the

continuing jurisdiction of the Court over this Consent Decree.

SO ORDERED this __18__ day of __March__, 2011.

                              BY THE COURT:

                              _Christine M Arguello_
                              United States District Judge

APPROVED AS TO FORM:

_William E Moench_
William E. Moench
D. Andrew Winston
Trial Attorneys
Equal Employment Opportunity Commission Denver Field Office
303 E. 17th Avenue, Suite 510
Denver, CO  80203
303.866.1381
William.moench@eeoc.gov
Andrew.winston@eeoc.gov
Attorneys for Plaintiff EEOC



Richard S. Mandelson
Baker & Hostetler LLP
303 East 17th Avenue, Suite 1100
Denver, CO 80203
Telephone:  (303) 764-4019
Facsimile: (303) 861-7805
rmandelson@bakerlaw.com
Attorney for Defendant Thurston, Inc.

BY CONSENT:


THURSTON, INC.

                              13

_____
Richard S. Mandelson
Baker & Hostetler LLP
303 East 17th Avenue, Suite 1100
Denver, CO 80203
Telephone: (303) 764-4019
Facsimile: (303) 861-7805
rmandelson@bakerlaw.com
Attorney for Defendant Thurston, Inc.

BY CONSENT:

THURSTON, INC.

By: _____
    Name: _____
    Title: _____

Date: 3/11/11 _____


EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _____
    Mary Jo O'Neill
    Regional Attorney

Date: _____

14

By: _____
    [Insert Name]
    [Insert Title]

Date: _____

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _____
    Mary Jo O'Neill
    Regional Attorney

Date: ___3/10/2011___

14

**ATTACHMENT A**

**NOTICE**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in <u>EEOC v. Thurston, Inc. d/b/a Discount Cabinets & Appliances, Inc.</u>, filed in the United States District Court for the District of Colorado, Civil Action No. 10-cv-01352-CMA-KLM

      Management of Thurston, Inc. wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operation and in all areas of employment practices. Thurston, Inc. seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability. This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

      Pursuant to Americans with Disabilities Act, it is unlawful for an employer to discriminate based upon the disability or perceived disability of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has requested reasonable accommodation for disability, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

      Thurston, Inc. respects the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, Thruston, Inc. reaffirms its commitment to complying with the strictures of the ADA, in that it is our policy to prohibit all discrimination in based on disability.

      Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, no official at Thurston, Inc. will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

      This Notice shall remain posted for the term of one year.

Thurston, Inc.


    By:_____   _____

                                             Date